UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TABERATHA WIMBLEY,<br>    PLAINTIFF<br>V.<br><br>WEST LAW GROUP PLLC AND SCIL TEXAS, LLC D/B/A SPEEDY CASH<br>    DEFENDANTS | CASE NO: 4:24-CV-3992 |

JOINT DISCOVERY/SCHEDULING ORDER

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The parties conferred via telephone on March 21, 2025.

    - Amy Clark - Ciment Law Firm - for Plaintiff Taberatha Wimbley
    - Maria Gil -  Holland & Knight LLP - for Defendant SCIL dba Speedy Cash

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    Case 243200258802, SCIL Texas, LLC d/b/a Speedy Cash vs. Taberatha Wimbley is pending dismissal before the Harris County Justice of the Peace Courts following Plaintiff Taberatha Wimbley's filing of a Suggestion of Bankruptcy Discharge.

3. Briefly describe what this case is about.

    West Law Group pursued post-judgment collection of a discharged debt. West Law Group previously represented SCIL dba Speedy Cash in a collection suit against Plaintiff Taberatha Wimbley, received a default judgment against her and engaged in post-judgment collections.  As a result, Ms. Wimbley

filed Chapter 7 bankruptcy and received a discharge. West Law Group again sought to have a receiver appointed to collect on SCIL's now-discharged judgment, and failed to dismiss the debt case after a Suggestion of Bankruptcy was filed in the matter.

4. Specify the allegation of federal jurisdiction.

    The federal jurisdiction arises from the Fair Debt Collection Practices Act, which is the claim for collection of a discharged debt in the fifth circuit once the bankruptcy case has closed.

5. Name the parties who disagree and the reasons.

    Defendant West Law Group alleges that they had no notice of the bankruptcy, no way to know about the discharge of the debt prior to the Suggestion of Bankruptcy being filed, and that they immediately ceased collecting after they received Notice.

    Defendant SCIL dba Speedy Cash alleges this Court lacks subject matter jurisdiction because Plaintiff and SCIL agreed to arbitrate under a valid and enforceable arbitration provision. SCIL reserves the right to file a 12(b)(1) Motion to Dismiss and Motion to Compel Arbitration. SCIL further alleges lack of notice of the bankruptcy.

    Plaintiff Ms. Wimbley alleges that proper notice of bankruptcy discharge was provided but furthermore, even if defendants had no actual notice of the discharge of the debt, it is their duty to engage in procedures that look for the presence of a bankruptcy discharge, sometimes called a "bankruptcy scrub", prior to collecting. In addition, the failure of West Law Group to dismiss the pending motion seeking to appoint a receiver and the failure to remove the hearing from the court calendar shows that even after admitting they had actual knowledge of the discharge, West Law Group did not cease their collection of the discharge debt.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

    None.

8. Describe class-action issues.

    None, this is an individual case.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Disclosures are in process by all parties.

10. Describe the proposed agreed discovery plan, including:
    a) Responses to all the matters raised in Rule 26(f).
        - Defendant SCIL Texas, LLC d/b/a Speedy Cash states none at this time.
    b) When and to whom the plaintiff anticipates it may send interrogatories.
        - March 30, 2025 – Interrogatories and Requests for Production to both Defendants
    c) When and to whom the defendant anticipates it may send interrogatories.
        - Defendant SCIL Texas, LLC d/b/a Speedy Cash intends to send the Plaintiff interrogatories by April 30, 2025.

    d) Of Whom and by when the plaintiff anticipates taking oral depositions.
        - James West from West Law Group PLL
        - Person most knowledgeable from SCIL dba Speedy Cash

    e) Of Whom and by when the defendant anticipates taking oral depositions.
        - Defendant SCIL Texas, LLC d/b/a Speedy Cash intends to depose Plaintiff Taberatha Wimbley.
    f) When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by

    Rule26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
- Plaintiff will designate experts and provide reports – September 30, 2025
- Defendant SCIL Texas, LLC d/b/a Speedy Cash will designate responsive experts and provide their reports by October 31, 2025.

g) List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
- None expected to be necessary at this time.

h) List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).
- Defendant SCIL Texas, LLC d/b/a Speedy Cash intends to depose Plaintiff's expert witness by December 30, 2025.

11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    There are no current disagreements regarding the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None at this time.

13. State the date the planned discovery can be reasonably completed.

    The parties believe discovery can be reasonably completed within 9 months after initial disclosures have been exchanged.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties are in agreement to discuss an early resolution to this matter.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have exchanged correspondence regarding settlement discussions and remain amenable to continue those discussions.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Defendant SCIL Texas, LLC d/b/a Speedy Cash is amenable to alternative dispute resolution techniques, including arbitration.
    Plaintiff Taberatha Wimbley is amenable to mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made.

19. Specify the number of hours it will take to present the evidence in this case.

    5-8 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are currently no pending motions on file.

21. List other motions pending.

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.
    - Defendant SCIL Texas, LLC d/b/a Speedy Cash filed its Disclosure of Interested Parties on February 18, 2025.
    - Plaintiff Taberatha Wimbley is an individual
24. List the names, bar numbers, addresses, and telephone numbers of all counsel.
    - Counsel for Plaintiff Taberatha Wimbley

        Amy Beth Clark
        Texas Bar No. 24043761
        Ciment Law Firm
        221 Bella Katy Drive
        Katy, TX 77494
        Telephone: (210) 455-1076
        amy@cimentlawfirm.com

    - Counsel for Defendant SCIL Texas, LLC d/b/a Speedy Cash

        L. Bradley Hancock, attorney-in-charge
        State Bar No. 00798238
        S.D. Bar No. 21091
        David Drew Hornbeak
        Texas Bar No. 24106113
        S.D. Bar No. 3158009
        Maria Gil
        Texas Bar No. 24120848
        S.D. Bar No. 3740191
        HOLLAND & KNIGHT LLP
        811 Main Street, Suite 2500
        Houston, Texas 77002
        Telephone: (713) 821-7000
        Facsimile: (713) 821-7001
        Email: Brad.Hancock@hklaw.com
        Email: David.Hornbeak@hklaw.com
        Email: Maria.Gil@hklaw.com

- Counsel for Defendant West Law Group PLLC

James West
State Bar #21199050
563 W. Bay Area Blvd. #411
Webster, TX 77598
(713) 266-9090
Jim.west@westlawgroup.org

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: courtfilings@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF
Taberatha Wimbley

**HOLLAND & KNIGHT LLP**

By:   /s/ Maria Gil
L. Bradley Hancock
Texas Bar No. 00798238
S.D. Bar No. 21091
Brad.Hancock@hklaw.com
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000

Facsimile: (713) 821-7001

**ATTORNEY-IN-CHARGE FOR
DEFENDANT SCIL TEXAS, LLC**

**OF COUNSEL:**

David Drew Hornbeak
Texas Bar No. 24106113
S.D. Bar No. 3158009
David.Hornbeak@hklaw.com
Maria Gil
Texas Bar No. 24120848
S.D. Bar No. 3740191
Maria.Gil@hklaw.com
**HOLLAND & KNIGHT LLP**
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

**ATTORNEYS FOR DEFENDANT
SCIL TEXAS, LLC**